IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID M. DAVID, | ) | No. C 09-5934 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING |
| | ) | RESPONDENT TO FILE MOTION |
| vs. | ) | TO DISMISS OR NOTICE THAT |
| | ) | MOTION IS UNWARRANTED |
| | ) | |
| JAMES YATES, Warden, and MATTHEW CATE, Director, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1991 state convictions. On August 26, 2010, the Court dismissed Petitioner's third amended petition with leave to amend because it was unmanageable to review. On November 1, 2010, Petitioner filed a fourth amended petition. Before screening this petition, the Court orders Respondent to address the timeliness of this habeas action by filing a motion to dismiss or a notice that such motion is unwarranted.

**BACKGROUND**

In 1991, Petitioner was convicted of two counts of oral copulation of a minor under the age of 16, in Alameda County Superior Court. Petitioner appealed his convictions, which were affirmed by the state appellate court. The state's highest court denied review. Petitioner brought the instant federal action on December 17, 2009.

Order Directing Respondent to File Motion to Dismiss or Notice that Motion is Unwarranted
P:\PRO-SE\SJ.LHK\HC.09\David934oscdis.wpd

# DISCUSSION

A. <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)). The Court may order the Respondent to file another pleading where neither service nor summary dismissal is appropriate. *See* Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

B. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See* 28 U.S.C. § 2244(d)(2).

1    The one-year period generally will run from "the date on which the judgment became
2 final by conclusion of direct review or the expiration of the time for seeking such review." 28
3 U.S.C. § 2244(d)(1)(A). The instant petition was filed approximately eighteen years after the
4 Petitioner's conviction. Even if Petitioner sought collateral review, it does not appear likely that
5 the petition is timely.

6    This apparent procedural problem should be addressed before the Court reaches the
7 merits of the claims raised in the petition. If the petition is time-barred, the litigants and Court
8 need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4
9 of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent shall either:
10 (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that
11 Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

**CONCLUSION**

13    1.    The Clerk of the Court shall serve by mail a copy of this order, the fourth
14 amended petition (docket no. 23) and all attachments upon Respondent and Respondent's
15 attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of
16 this order on Petitioner.

17    2.    Respondent shall file with the Court and serve upon Petitioner, within **sixty (60)**
18 **days** of the date this order is filed, a motion to dismiss the petition as untimely, or a notice that
19 Respondent is of the opinion that a motion to dismiss is unwarranted.

20    3.    If Petitioner wishes to oppose the motion to dismiss, he shall do so by filing an
21 opposition with the Court and serving it upon Respondent **within thirty (30) days** of his receipt
22 of the motion to dismiss.

23    4.    Respondent <u>shall</u> file and serve a reply **within fifteen (15) days** of receipt of
24 Petitioner's opposition.

25    5.    The motion shall be deemed submitted as of the date the reply brief is due. No
26 hearing will be held on the motion unless the Court so orders at a later date. If Respondent
27 notifies the Court that a motion to dismiss is unwarranted or the motion is denied, the Court will
28 then determine whether to require an answer to the petition.

Order Directing Respondent to File Motion to Dismiss or Notice that Motion is Unwarranted
P:\PRO-SE\SJ.LHK\HC.09\David934oscdis.wpd        3

1         6.    It is Petitioner's responsibility to prosecute this case. Petitioner is reminded
2   that all communications with the Court must be served on Respondent by mailing a true copy of
3   the document to Respondent's counsel. Petitioner must keep the Court and all parties informed
4   of any change of address by filing a separate paper captioned "Notice of Change of Address."
5   He must comply with the Court's orders in a timely fashion. Failure to do so may result in the
6   dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
7   41(b).

8       IT IS SO ORDERED.

9   DATED: _12/17/2010_____   _____*Lucy H. Koh*_____
10                                                   LUCY H. KOH
                                                 United States District Judge