IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID M. DAVID, | ) | No. C 09-5934 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| | ) | PETITIONER'S MOTION FOR |
| vs. | ) | EXTENSION OF TIME; |
| | ) | DENYING MOTION FOR |
| | ) | PRELIMINARY INJUNCTION |
| WILLIAM KNIPP, Warden, and | ) | |
| MATTHEW CATE | ) | (Docket Nos. 29, 32, 33) |
| | ) | |
| Respondents. | ) | |

Petitioner, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] challenging his 1991 state convictions. Pending before the Court are Petitioner's motions for an extension of time, and motion for a preliminary injunction.

Petitioner's motions for an extension of time to file an opposition to Respondents' motion to dismiss are GRANTED. Petitioner shall file his opposition to Respondents' motion to dismiss no later than **thirty days** from the filing date of this order. Respondents shall file their reply to Petitioner's opposition no later than **fifteen (15) days** from the date Petitioner files his opposition.

---

[1] Petitioner moves to substitute William Knipp, the Warden at Mule Creek State Prison, as the proper respondent. Good cause appearing, Petitioner's request is hereby GRANTED. The Clerk is directed to substitute Warden William Knipp for Respondent Warden James Yates in this action.

Order Granting Petitioner's Motion for Extension of Time; Denying Motion for Preliminary Injunction
P:\PRO-SE\SJ.LHK\HC.09\DavideotPI.wpd

Petitioner's motion for preliminary injunction requests the Court to compel Respondents to: (1) retain Petitioner at Mule Creek State Prison for the duration of the lawsuit; (2) return all of Petitioner's property; (3) allow Petitioner unobstructed access to the law library; and (4) prevent any retaliatory acts against Petitioner. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008). In <u>Winter</u>, the Court rejected the Ninth Circuit's earlier approach that allowed issuance of a preliminary injunction based on the "possibility" of irreparable injury, determining that the movant must demonstrate that irreparable injury was likely to obtain a preliminary injunction. <u>Id.</u> at 375. Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury. <u>Guzman v. Shewry</u>, 552 F.3d 941, 948 (9th Cir. 2009).

Petitioner has fallen far short of making the necessary showing for interim relief. The likelihood of success on the merits is dubious at this point. Moreover, Petitioner has not proven that he actually faces irreparable harm. However, in light of Petitioner's allegations, the Court recognizes that prison officials must provide Petitioner with reasonable access to his legal materials and the law library so he can comply with the various filings and deadlines associated with this litigation. Petitioner's motion for a preliminary injunction is DENIED without prejudice.

IT IS SO ORDERED.

DATED: ___4/28/11_____

*Lucy H. Koh*
LUCY H. KOH
United States District Judge